UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ARIATNA GONZALEZ,**  Case No:
        **Plaintiff,**

vs

**COGNIZANT TECHNOLOGY
SOLUTIONS SERVICE, LLC.,**
        **Defendant.**
_____/

## COMPLAINT

COMES NOW Plaintiff, Ariatna Gonzalez, by and through her undersigned counsel, files this Complaint against Cognizant Technology Service LLC., (hereinafter "Cognizant") and states the following:

1. The jurisdiction of this court is invoked according to Chapter 760, Florida Statutes (2019), 28 U.S.C. 1343 to secure protection of and to redress the deprivation of rights secured by (b) 42 U.S.C.1981, 42 U.S.C. 1983 and (c) the common law of the State of Florida providing for damages to persons subjected to intentional interference with employment.

2. The unlawful employment practices, violations of plaintiffs' civil rights, and tortious acts complained of herein were committed within the State of Florida.

3. The pendent jurisdiction is involved concerning the Plaintiff's claims under the laws of the State of Florida because the entire action before the court comprises one constitutional civil rights case, and the claims arise out of the same operative facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

4. Plaintiff is a Hispanic American Female. She is a citizen of the United States of America, a resident of Hillsborough County, Florida, and is a former employee of the Defendant. Plaintiff contends that her supervisors sexually harassed her in the workplace, treated her differently than similarly situated employees, and retaliated against her when she reported the discrimination.

5. The Defendant's corporation does business in the state of Florida.

6. The defendant is an employer within the definitions contained in Section 760.02, Florida Statutes (2019), and 42 U.S.C 1981, employing more than 25 employees, and is engaged in an industry affecting commerce.

## PROCEDURAL REQUIREMENTS

7. Plaintiff timely filed the complaint alleging employment discrimination by defendant Cognizant.

8. Plaintiff timely filed a complaint alleging retaliation by defendant Cognizant and exhausted all the administrative remedies.

9. Plaintiff was discriminated against by the Defendant Cognizant because of her sex and sustained injuries stemming from the discrimination.

10. Plaintiff has filed this complaint within four years of being discriminated against and injured by the Defendant.

## STATEMENT OF THE FACTS

11. The Defendant hired the Plaintiff on September 14, 2017, as a Process Executive. Plaintiff applied for and received the position of Receptionist in 2018. Plaintiff was asked by Terry Oliver

and Ryan Moore to take over the executive administrative Assistance position in addition to keeping the receptionist position and was told that her pay would increase to the position of Team Lead.

12. Plaintiff was sexually harassed and discriminated against by Terry Oliver and Ryan Moore after becoming an administrative assistant. Terry Oliver began to use sexually explicit language in Plaintiff's presence and directed at her that made Plaintiff uncomfortably regularly. Plaintiff complained of the treatment to Oliver in addition to compliance.

13. Ryan Moore made inappropriate sexual statements on the job to the Plaintiff. Moore told Plaintiff that he wanted to see her naked in nothing but her heels. Ryan Moore sexually touched Plaintiff's breast and fondled her breast.

14. Plaintiff reported the unwelcome advances to Oliver, HR, and Compliance. Defendant failed to remedy the complaints.

15. Plaintiff was retaliated against by Defendant for reporting the unwelcome sexual advances. Defendant refused to increase the Plaintiff's salary increased that was promised.

16. Plaintiff filed a discrimination charge against the Defendant with the EEOC on August 29, 2019. (Agency Charge Number: 511-201904511)

## COUNT ONE
## SEXUAL HARASSMENT

17. Plaintiff re-alleges counts 1 through 16.

18. Defendant's employees sexually assaulted and harassed Plaintiff during 2018 and 2019.

19. Defendant's manager Terry Oliver groped and massaged Plaintiff's breast and used sexually explicit language to Plaintiff during 2018 and 2019.  Plaintiff's complaints to HR and management were not taken seriously.

20. Defendant's conduct of groping and massaging the Plaintiffs' breast was severe, pervasive. and was done without the Plaintiff's consent.

21. The groping of the Plaintiff's breast by the Defendant's employee was unwelcome.

22. Defendant failed to prevent the sexual harassment against Plaintiff from occurring and is liable.

23. The Plaintiff has sustained physical, psychological, and emotional injuries as a result of sexual harassment and requires medical and or psychological treatment for the injuries. The Plaintiff injuries are not de minimus.

24. As a result of the sexual harassment against Plaintiff, she has been damaged. Plaintiff has been damaged emotionally, physically, and psychologically by the Defendant.

25. Defendant has a history of sexually assaulting and sexually abusing females in the workplace.

   WHEREFORE based upon the foregoing facts the Plaintiff demands a trial by jury, damages, front wages, back wages, and attorney fees, and cost.

## COUNT II
## RETALIATION

27. The Plaintiff reasserts and realleges paragraphs 1 through 26.

28. The Defendant engaged in various retaliatory actions against Plaintiff as a result of their opposition to Plaintiff reporting workplace sexual harassment and based upon race and sex and as

a result of Plaintiff's filing of charges of employment discrimination with the EEOC, in violation of 42 U.S.C. 2000e-3(a).

29. The Plaintiff is a member of a protective class. Plaintiff was the only Hispanic Female employed in Defendant's employment unit when the sexual harassment and discrimination occurred in 2018 and 2019.

30. The Plaintiff filed a Discrimination Charge against the Defendant with the EEOC on August 29, 2019. (Agency Charge Number: 511-201904511)

31. The Plaintiff reported that she was subjected to sexual harassment.

32. The Defendant retaliated against the Plaintiff in 2018 after the Plaintiff reported Defendant's illegal discrimination by refusing to provide the Plaintiff the pay increase that she was entitled to.

33. The Plaintiff has been damaged economically and medically damaged by Defendant's retaliatory conduct.

WHEREFORE the Plaintiff demands judgment against the defendant for damages and attorney fees and cost. Plaintiff demands a trial by jury.

Respectfully submitted

 Carl R. Hayes
Carl R. Hayes, Esquire
Florida Bar No. 942995
308 E. Dr. Martin Luther King,
Jr. Blvd., Suite E
Tampa, Florida 33602
(813)237-2392   Office
(813)236-5717   Fax
carlrolandhayes@gmail

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original Complaint was furnished to the Clerk of the Court, Florida Avenue, Tampa, Florida, and a copy was served on Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 on this       day of September 2020.

Carl R. Hayes<br>Carl R. Hayes, Esquire

Case 8:20-cv-02175-CEH-JSS   Document 2   Filed 09/16/20   Page 7 of 7 PageID 8